# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**WESLEY WALKER,**

    Plaintiff,

v.

**UNITED PARCEL SERVICE, INC.,**

    Defendant.

Case No. 7:19-CV-195 (HL)

## ORDER

Before the Court is Defendant United Parcel Service, Inc.'s Motion for a More Definite Statement. (Docs. 4, 4-1). Defendant requests that the Court order Plaintiff Wesley Walker to replead his claims more specifically. (*Id.*). Defendant calls Plaintiff's complaint a "shotgun pleading" and argues that it violates the Federal Rules of Civil Procedure. (*Id.*). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Shotgun pleadings violate Rule 8 . . . by failing to one degree or another to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)). The Court will grant a motion for a more definite

statement if the complaint "is so vague or ambiguous that the [defendant] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

The "most common" type of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before." *Weiland*, 792 F.3d at 1321. Defendant argues that Plaintiff's Complaint is such a shotgun pleading. (Doc. 4-1, pp. 4–5). Defendant is correct in that each count listed in Plaintiff's Complaint incorporates the counts and paragraphs preceding it. (Doc. 1). His sexual harassment claim incorporates paragraphs one through fifteen. (*Id.* at p. 5). His hostile work environment claim incorporates paragraphs one through twenty-one. (*Id.* at p. 6). And his gender discrimination claim incorporates paragraphs one through twenty-nine. (*Id.* at p. 7). Plaintiff's Complaint continues this way with each of his six claims incorporating every paragraph that preceded it.

The Eleventh Circuit has determined, however, that even though a complaint may appear to be a shotgun pleading on its face, that does not in and of itself require the plaintiff to replead. *See Weiland*, 792 F.3d at 1324 ("Weiland's re-alleging of paragraphs 1 through 49 at the beginning of each count looks, at first glance, like the most common type of shotgun pleading. But it is not."). Plaintiff's Complaint is not meticulously specific, but this is not "a situation

where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). His Complaint clearly alleges claims under Title VII of the Civil Rights Act of 1964 for sexual harassment, hostile work environment, gender discrimination, and retaliation. (Doc. 1). Title VII prohibits sex-based discrimination that alters the terms of employment. 42 U.S.C. § 2000e–2. Thus, the elements required to establish Plaintiff's various Title VII claims overlap.[1] Plaintiff may use the same evidence to satisfy his burden on different claims, so the risk of incorporating irrelevant factual allegations into successive counts is low. In other words, the factual allegations incorporated throughout the Complaint are relevant to each of Plaintiff's claims. *See Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 650 n.22 (11th Cir. 2010) (Tjoflat, J., concurring) ("[A] typical 'shotgun' pleading . . . incorporate[s] by reference all preceding paragraphs and counts of the complaint notwithstanding that many of the facts alleged were not material to the claim . . . .").

---

[1] For example, the elements for gender discrimination and retaliation both require the plaintiff to prove that he suffered an "adverse employment action." *See Johnson v. Miami-Dade Cty.*, 948 F.3d 1318, 1325 (11th Cir. 2020) ("To establish a prima facie case of retaliation, a plaintiff must show . . . that he suffered an adverse employment action . . . .") (quotation marks and citation omitted); *Webb-Edwards v. Orange Cty. Sheriff's Office*, 525 F.3d 1013, 1031 (11th Cir. 2008) ("To prove the elements of a cause of action for gender discrimination, a plaintiff must demonstrate . . . that she suffered an adverse employment action . . . .").

3

Paragraphs six through fifteen clearly and concisely describe Plaintiff's allegations against Defendant, including the alleged sexual harassment he endured from his supervisor, Plaintiff's efforts to report the ongoing harassment, Defendant's alleged failure to remedy the harassment, and Defendant's decision to fire Plaintiff. Each count includes additional allegations, which serve to connect the preceding factual allegations to the individual claim. For example, Plaintiff's sexual harassment claim incorporates the preceding allegations, and it also alleges that "Plaintiff did not welcome [Ms. Sanks'] advances, rejected them and complained to Charles Ingram, Lavell Mason and Cherie Morgan." (Doc. 1, p. 6). As to Plaintiff's retaliation claim, he includes the additional allegation that "Plaintiff engaged in protected activity when he repeatedly reported the acts of sexual harassment." (*Id.* at p. 9). And his reputational damage claim makes clear that his termination caused his alleged reputational injuries. (*Id.* at pp. 10–11). These additional allegations clarify how the proceeding factual allegations support the elements of each count.

The Court concludes that Plaintiff's Complaint is not so vague or ambiguous that Defendant cannot respond. *See* Fed. R. Civ. P. 12(e). Defendant has "fair notice" of Plaintiff's claims as well as the factual allegations supporting his claims. Accordingly, the Court **DENIES** Defendant's Motion. (Doc. 4). Plaintiff is not required to replead or otherwise amend his Complaint.

**SO ORDERED** this 23rd day of June, 2020.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

kac